IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERTHOLD L.L.C. and BERTHOLD DIRECT CORP., <br><br> Plaintiffs, <br><br> v. <br><br> TARGET CORPORATION and TARGET BRANDS, INC., <br><br> Defendants. | Civil Action No.: |

# COMPLAINT

Plaintiffs, BERTHOLD L.L.C. and BERTHOLD DIRECT CORP., through their attorneys, complain against Defendants, TARGET CORPORATION and TARGET BRANDS, INC., as follows:

### Nature of the Action

1. This is a civil action for copyright infringement and breach of license agreement for unauthorized use of Plaintiffs' copyrighted font software programs and refusal to document all uses of Plaintiffs' font software programs as required by the parties' license agreement.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 13388(a) because (i) this is a civil action arising under the Copyright Act of 1976, 17 U.S.C § 101 *et seq*. This Court has supplemental jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to the forum selection clause in the parties' license agreement which provides that all disputes involving the license will be resolved in this forum.

## The Parties

4. Plaintiff Berthold L.L.C. ("Berthold LLC"), is an Illinois limited liability company with its principal place of business in Chicago, Illinois. Berthold LLC owns the copyrights in the font software at issue.

5. Plaintiff Berthold Direct Corporation ("Berthold Direct") is an Illinois corporation with its principal place of business in Chicago, Illinois. Berthold Direct has been granted the exclusive right to license the copyrighted font software at issue. Berthold LLC and Berthold Direct are affiliated companies and may be referred to herein collectively as "Berthold."

6. Defendant Target Corporation is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

7. Defendant Target Brands, Inc. is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. Target Brands, Inc. is a wholly owned subsidiary of Defendant Target Corporation and is the brand management division of Target Corporation. Defendants are referred to collectively herein as "Target."

## Factual Background

8. Plaintiffs are a leading, independent type foundry.

9. Since 1858, Plaintiffs have been in the business of marketing typefaces. H. Berthold AG, the original Berthold type foundry founded in Berlin, Germany, was known worldwide as an expert producer of high quality typefaces.

10. Under the guidance of former artistic director and master typographer Günter Gerhard Lange, the Berthold foundry has developed one of today's leading type libraries in the world: the Berthold "Exklusiv" Collection.

11. Plaintiffs offer, market, license, and distribute typeface font computer software programs through their website www.bertholdtypes.com and through their authorized resellers.

12. Akzidenz-Grotesk is Plaintiffs' most popular and successful typeface and represents valuable goodwill owned by Plaintiffs.

13. Plaintiff Berthold LLC owns the U.S. Copyright Registrations for certain Akzidenz-Grotesk typeface font software programs in OpenType format first published in 2006 with Registration Numbers (collectively the "Akzidenz-Grotesk Font Software"), <u>Exhibit A</u>:

    (a) TX 6-380-824 (Akzidenz-Grotesk pro bold condensed);

    (b) TX 6-380-812 (Akzidenz-Grotesk pro light condensed);

14. Plaintiffs' copyrights are valid and subsisting.

15. Berthold licenses the use of the Berthold font software programs to end users, and controls such licensing by way of individually negotiated licenses agreements.

16. Berthold offers a limited, traditional desktop license that permits the end user to use the font software programs for internal business purposes only and allowed installation of the font software programs on up to 5 licensed computers at a single location ("Traditional Desktop Licenses").

17. With the advent of new technologies over the past decade, Berthold began offering an enterprise license which provided more licensing options that incorporate these latest technologies, such as web fonts, digital publishing, e-books, web video publishing, smart phone/tablet apps, etc.

18. Berthold's enterprise licenses allows a licensee to use and embed the font software programs to create and distribute printed and digital materials for commercial or non-commercial purposes.

19. In or around June 2017, Plaintiffs came across a video posted online (available at https://vimeo.com/90107132, last visited Oct. 4, 2017) by Calango, a design firm retained by Target to produce certain advertising and branding materials using Plaintiffs' Akzidenz-Grotesk Font Software.

20. The video's description states that "Target asked Calango to produce an animated version of Akzidenz Grotesk, one of the main typefaces in their branding." As seen in the online video, Calango did as Target requested and used Plaintiffs' Akzidenz-Grotesk Font Software to create certain advertising and branding material. Upon information and belief, Target requested and Calango created additional advertising and branding materials using Plaintiff's font software. Upon information and belief and as stated in the video description, Target uses Akzidenz-Grotesk as one if its main typefaces in its branding.

21. Target did not and does not have an enterprise license agreement with Plaintiffs to use Plaintiff's Akzidenz-Grotesk Font Software to create advertising and branding materials.

22. On August 22, 2013, Target Corporation purchased a Traditional Desktop License to use Plaintiff's Akzidenz-Grotesk Condensed BE OpenType font software (a total of 12 fonts, 2 of which were used in the video), subject to a license agreement which only allowed Target Corporation to use the font software on 10 computers for internal business purposes with limited embedding rights. Exhibit B.

23. The "Compliance" term of the license agreement provides:

> **8. Compliance**. You agree that, within thirty (30) days of receipt of a written request from Berthold, you will fully document and certify that

>use of any and all Berthold font software in your possession at the time
>of the request conforms with your license(s) from Berthold.

24. On or about August 4, 2017, in accordance with the "Compliance" term, Plaintiffs made a written request that Target document its uses of Plaintiffs' font software and certify that such uses conform with the license.

25. Contrary to its requirements under the license agreement, Target has refused to document its uses of Plaintiffs' font software. Instead, Target provided only a terse response to Plaintiffs' written request that: "We have investigated the matter, and can confirm that Target is in fact in conformance."

## COUNT I
### (Copyright Infringement)

26. Plaintiffs repeat and reallege all prior paragraphs of this Complaint herein.

27. The Copyright Act of 1976 grants copyright owners certain exclusive rights including the rights to copy the work and prepare derivative works based on the copyrighted work. 17 U.S.C. § 106.

28. Plaintiffs are the owner and holder of the exclusive right to license the copyrighted Akzidenz-Grotesk font software programs.

29. Target has infringed on Plaintiffs' copyrights by making unauthorized use of at least two of Plaintiffs' font software programs as described herein.

30. Target's acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiffs' rights.

31. Plaintiffs are entitled to recover the damages they have and will sustain, together with any gains, profits, and advantages obtained by Target as a result of its infringement, or to statutory damages of $150,000 per infringement whichever is greater.

32. Plaintiffs are also entitled to preliminary and permanent injunctive relief to restrain and enjoin Target's continuing infringement and to require Target to destroy all infringing materials in its custody or control.

33. Plaintiffs are further entitled to their attorney's fees and costs pursuant to 17 U.S.C. § 505.

## COUNT II
### (Contributory Copyright Infringement)

34. Plaintiffs repeat and reallege all prior paragraphs of this Complaint herein.

35. Target's conduct as described herein additionally constitutes contributory infringement of Plaintiffs' copyrights.

36. Target directly encouraged, facilitated, and induced Calango's unauthorized use of Plaintiffs' copyrighted font software and have derived substantial benefit therefrom.

37. Plaintiffs are entitled to recover the damages they have and will sustain, together with any gains, profits, and advantages obtained by Target as a result of the infringement alleged herein.

38. Plaintiffs are further entitled to their attorney's fees and costs pursuant to 17 U.S.C. § 505.

## COUNT III
### (Breach of License Agreement)

39. Plaintiffs repeat and reallege all prior paragraphs of this Complaint herein.

40. To the extent Target Corporation purchased a license to use certain of Plaintiffs' font software programs, the uses complained of herein are not authorized and represent a material breach of that license.

41. Target Corporation's refusal to document its uses of Plaintiffs' font software programs further constitutes a material breach of the license.

42. The "Termination" term of the parties' license agreement provides:

> **9. Termination**. The license rights granted under this Agreement are perpetual. Notwithstanding, the license rights under this Agreement will immediately and automatically terminate without notice if you fail to comply with any term or condition of this Agreement, or upon your bankruptcy. Upon termination, you must destroy all copies of the Font Software. The balance of the Agreement shall survive any such termination of license rights.

43. To the extent that Target Corporation has not destroyed or continues to use Plaintiffs' font software programs, such conduct constitutes a material breach of the license agreement which automatically terminated upon Target Corporation's refusal to comply with the "Compliance" term.

44. Plaintiffs, having fully performed under the license agreement, are entitled to all damages sustained as a result of Target Corporation's material breaches of the license agreement.

## Prayer for Relief

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants as follows:

A. Preliminarily and permanently enjoin Defendants from making unauthorized use of Plaintiffs' Akzidenz-Grotesk Font Software and creating, producing, manufacturing, or displaying anything created through unauthorized use of Plaintiffs' Akzidenz-Grotesk Font Software;

B. Direct that Defendants provide an accounting of any and all uses of Plaintiffs' font software programs;

C. Direct that Defendants deliver for destruction at their expense, *inter alia*, all materials created through unauthorized use of Plaintiffs' Akzidenz-Grotesk Font Software, together with any and all computer files, hard drives, computer programs, CDs, DVDs, or any other data storage devices bearing unauthorized and infringing copies of Plaintiffs' Akzidenz-Grotesk Font Software or derivative works created therefrom;

D. Direct Defendants to pay Plaintiffs actual damages, together with any gains, profits, and advantages obtained by Defendants as a result of its infringement, or statutory damages of $150,000 per infringement whichever is greater;

E. Direct Defendants to pay Plaintiffs actual damages sustained as a result of their breaches of the license agreement;

F. Award Plaintiffs their costs and attorneys' fees; and

G. Grant such further relief as this Court deems just and necessary.

> BERTHOLD L.L.C., *et al*.
>
> By: /s/ Peter S. Lubin
> One of their Attorneys

Peter S. Lubin
Andrew C. Murphy
DiTommaso Lubin Austermuehle, P.C.
17W220 22nd St., Suite 410
Oakbrook Terrace, IL 60181
(630) 333-0000
psl@ditommasolaw.com

Melissa M. Hunt
Vice President & General Counsel
Berthold Types Limited
47 West Polk Street, Suite 100-340
Chicago, IL 60605
(312) 493-2517
Melissa_Hunt@bertholdtypes.com