IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Berthold L.L.C. and<br>Berthold Direct Corporation,<br><br>                         Plaintiffs,<br>v.<br><br>Target Corporation,<br><br>                         Defendant. | Case No. 1:17-cv-07180 |

**TARGET CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS COUNT ONE PURSUANT TO RULE 12(B)(6)**

This is a software copyright case. Plaintiffs allege that a video, created and posted to the internet by a small company called Calango, infringes their software copyright rights. On this basis, Plaintiffs sue Target for copyright infringement. But as Plaintiffs acknowledge in the Amended Complaint, this video was neither created nor posted by Target. And Plaintiffs allege no other acts, by either Target or Calango, which could plausibly infringe their copyright rights. Consequently, the direct copyright infringement claim against Target (Count One) must be dismissed.

**BACKGROUND**

According to the Amended Complaint, Berthold LLC owns two software copyrights, and its affiliate Berthold Direct Corporation "has been granted the exclusive right to license" these two copyrights. (Doc. 13, ¶¶ 4, 5, 12.) The copyrights are for "font software"—software that can be used by computers to display a style of typeface (often referred to, colloquially, as a "font"). (*Id.*, ¶ 12.) The software at issue in this lawsuit is in

1

the "OpenType" format, and can be used to display variations of a typeface called "Akzidenz-Grotesk." (*Id.*, ¶ 12.)

Plaintiffs do not claim copyright in the Akzidenz Grotesk typeface itself—i.e., in the design of any particular letters, numbers, or other characters. That is because it has for many years been black-letter law that typeface is not itself copyrightable. *See* 37 C.F.R. § 202.1(e) (identifying "typeface" as "not subject to copyright"); *see also Eltra Corp. v. Ringer*, 579 F.2d 294 (1978). Congress considered and specifically rejected copyright protection for typeface when it passed the Copyright Act of 1976, as reflected in the following House Report:

> The Committee has considered, but chosen to defer, the possibility of protecting the design of typefaces. A "typeface" can be defined as a set of letters, numbers, or other symbolic characters, whose forms are related by repeating design elements consistently applied in a notational system and are intended to be embodied in articles whose intrinsic utilitarian function is for use in composing text or other cognizable combinations of characters. The Committee does not regard the design of typeface, as thus defined, to be a copyrightable 'pictorial, graphic, or sculptural work' within the meaning of this bill and the application of the diving line in section 101.

H.R. Rep. No. 1476, 94th Cong., 2d Sess. 55 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659.

Plaintiffs therefore do not and cannot allege infringement by the display of the Akizendz Grotesk typeface alone, as Plaintiffs do not and cannot own the Akzidenz Grotesk typeface. Instead, they allege infringement of two pieces of computer software which are capable, in certain circumstances, of displaying variations of Akzidenz Grotesk. (Doc. 13, ¶ 12.) The situation is essentially as this court discussed in *Monotype Imaging, Inc. v. Bitstream Inc.*, 376 F. Supp. 2d 877, 882 n.1 (N.D. Ill. 2005):

2

> Plaintiffs agree that the "typeface," the design and appearance of the executed "font," is not copyrightable and is not the subject of this litigation. (Tran. 9:9-14.) When the parties referred to the "font," on the other hand, they referred to the underlying computer code, that when used on appropriate hardware and software, generated a human-readable version of the typeface design. Plaintiffs contend that the unauthorized copying of this "font," constitutes copyright infringement.

*Id.*

Plaintiffs' infringement claim is rooted in the allegation that, in the summer of 2017, they "came across a video" created by a design firm called Calango, which Calango posted on the video-sharing website vimeo.com. (Doc. 13, ¶ 18.) According to the Plaintiffs, the website and video show that Calango "used Plaintiff's Akzidenz-Grotesk Font Software" at Target's request. (*Id.*, ¶ 19.) Plaintiffs also allege, "[u]pon information and belief," that Calango "created additional advertising and branding materials using Plaintiff's font software." (*Id.*) Plaintiffs allege that Target "directly encouraged, facilitated, and induced" Calango in this activity, and that consequently, Target is contributorily liable for copyright infringement. (*Id.*, ¶ 35.)

The Amended Complaint also includes the claim that Target is directly liable for copyright infringement. In support of this claim, Plaintiffs state that Target has made "unauthorized use of at least two of Plaintiffs' font software programs as described herein." (*Id.*, ¶ 28.) There is no factual matter "described herein," other than the video by Calango, which could form the basis for this alleged infringement.[1] (*See id.*)

---

[1] While Target has elected not to challenge the contributory infringement claim at the pleading stage, those allegations are vague—construing the Amended Complaint in the light most favorable to Plaintiffs, the allegation appears to be that Calango's video included an infringing copy of the software.

3

Plaintiffs also state that Target purchased a license, some years ago, to use the software at issue in this suit. Plaintiffs describe certain contractual terms that they claim are imposed by this license, and allege breach of some of these terms. But with or without the license and regardless of its putative terms, these allegations do not identify any copying or other action by Target which could infringe Plaintiffs copyright rights.

## ARGUMENT

"To survive a motion to dismiss, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face'." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). "The complaint must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts v. City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016). Instead, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). Although the court must accept a plaintiff's well-pled factual allegations as true, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). To survive a motion to dismiss, Plaintiffs must plead "specific facts to ground" their legal claims. *See id.*

To state a claim for copyright infringement, Plaintiffs must plausibly allege (1) ownership of a valid copyright, and (2) violation of an exclusive copyright right, such as "copying of constituent elements of the work that are original" in violation of 17 U.S.C. § 106(1). *See Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2012). The failure to plausibly

4

allege these elements requires dismissal at the pleading stage. *See id.* at 631 (affirming Rule 12(b)(6) dismissal of copyright case); *Hobbs v. John*, 722 F.3d 1089, 1091 (7th Cir. 2013) (same).

1. **Berthold LLC Has Alleged Ownership of a Valid Copyright**

    Target does not dispute, for purposes of this motion, that Berthold LLC has adequately alleged ownership of a valid copyright. Berthold LLC alleges that it "owns the copyrights in the font software at issue." (Doc. 13, ¶ 4.) And Berthold LLC has attached to the Amended Complaint two Certificates of Registration, each of which shows Berthold LLC as the owner of the identified font software programs. (*Id.*, Ex. A.) Accepting Plaintiffs' allegations as true, these Certificates of Registration "constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate," including the ownership claim. *See* 17 U.S.C. § 410(c). Consequently, Berthold LLC has adequately alleged ownership of a valid copyright.[2]

2. **Plaintiffs have not stated a direct copyright infringement claim against Target because they have not alleged that Target violated an exclusive copyright right**

    The Amended Complaint does not state a direct copyright infringement claim against Target because it does not allege any facts by which Target infringed Berthold's software copyrights. The only acts alleged as infringement were done by a non-party, Calango, allegedly at Target's "request[]." (Doc. 13, ¶ 19.) While this allegation may,

---

[2] The Amended Complaint does not specify whether Berthold LLC or Berthold Direct Corporation allege the copyright infringement claims. As only the "legal or beneficial owner" and "sole holder" of an exclusive copyright right can bring suit for infringement, Target understands that Berthold LLC is the copyright infringement plaintiff. *See Hyperquest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 382-83 (7th Cir. 2011) (citing 17 U.S.C. 501(b)).

charitably construed, state a claim for contributory infringement by Target, it does not amount to conduct *by Target* in violation of Berthold's copyright rights. *See Flava Works, Inc. v. Gunter*, 689 F.3d 754, 760 (7th Cir. 2012). Count One, for direct infringement by Target, must therefore be dismissed.

The Amended Complaint does recite bare allegations of infringement by Target—such as that Target has "infringed on Plaintiffs' copyrights by making unauthorized use of at least two of Plaintiffs' font software programs." (Doc. 13, ¶ 28.) But these are the sort of "abstract" and "conclusory" allegations that courts "should not accept." *See Brooks*, 578 F.3d at 581. It is not enough to "merely speculate[] that [Defendant] must have engaged in direct copyright infringement," without "articulat[ing] any circumstances whatsoever relating to [the alleged] direct copying." *See Hart v. Amazon.com, Inc.*, 117 U.S.P.Q.2d 1584, 1588 (N.D. Ill. 2015), *aff'd*, 845 F. 3d 802 (7th Cir. 2017). In order to state a claim, Plaintiffs must allege "factual content" which shows violation of an exclusive copyright right. *See id.* This they have not done.

In fact, this court has previously held that bare allegations of "unauthorized use"—such as the one made by Plaintiffs here—do not state a claim for copyright infringement. *See Papa Johns Int'l, Inc. v. Rezko*, 446 F. Supp. 2d 801, 810 (N.D. Ill. 2006) (granting motion to dismiss). Such allegations of "unauthorized use" are "unclear" in the copyright context, as "use" is not an exclusive copyright right. *See id.*; 17 U.S.C. § 106. Indeed, "use" of a copyrighted work is not equivalent to infringement, as "use" is often consistent with non-infringing conduct—such as "use" of uncopyrightable aspects of the underlying work. *See id.*

6

That concern is of particular relevance here, as the Amended Complaint could be confused to allege infringement of a copyright in the Akzidenz Grotesk typeface itself. Again, Plaintiffs have no copyright rights in the Akzidenz Grotesk typeface itself, as typeface is not copyrightable subject matter. *See* 37 C.F.R. § 202.1(e). The vague allegations about Target "branding" in Akzidenz Grotesk therefore do not state a claim for software copyright infringement. For one thing, these allegations (made on "information and belief") are simply implausible: if Akzidenz-Grotesk was one of Target's "main typefaces in its branding," the evidence would be all around us—on billboards, in magazines, and elsewhere—yet Plaintiff has identified no examples of such use. (*See* Doc. 13, ¶ 19.) More importantly, even assuming these allegations as true, branding materials are not software, and consequently, cannot be substantially similar to, or infringing of, software copyrights. *See Monotype Imaging*, 376 F. Supp. 2d at 884-86; *see also Art of Design, Inc. v. Pontoon Boat, LLC*, Case No. 16-cv-595, 2017 WL 3608219 (N.D. Ind. Aug. 22, 2017) (dismissing copyright infringement claim where the plaintiff "neither identified an allegedly infringing work produced by Defendants, nor any description of how Defendants' work infringes on its own"); *Flava Works, Inc. v. Clavio*, Case No. 11-C-5100, 2012 U.S. Dist. LEXIS 88673 at **5-6 (N.D. Ill. June 27, 2012) (dismissing copyright infringement claim where the plaintiff did not "identify[] the actual work that is being infringed and the means of its copying and/or distribution"); *Newborn v. Yahoo!, Inc.*, 391 F. Supp. 2d 181, 188 (D.D.C. 2005) (dismissing copyright infringement claim where "[t]he plaintiff fails to identify the material or materials to which he claims has been infringed").

7

## CONCLUSION

The factual allegations in the Amended Complaint do not and cannot state a plausible direct infringement claim against Target. Count One should therefore be dismissed. *See Peters*, 692 F.3d at 631 (affirming Rule 12(b)(6) dismissal of copyright case); *Hobbs*, 722 F.3d at 1091 (same).

Dated: December 4, 2017

*s/ Kathryn A. Feiereisel*
Kathryn A. Feiereisel
**FAEGRE BAKER DANIELS LLP**
311 S. Wacker Drive, Suite 4300
Chicago, IL 60606
Telephone: (312) 212-6500
Facsimile: (312) 212-6501
Email: katie@feiereisel@FaegreBD.com

*Counsel for Target Corporation*