IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERTHOLD L.L.C. and<br>BERTHOLD DIRECT CORP.,<br><br>                    Plaintiffs,<br><br>  v.<br><br>TARGET CORPORATION,<br><br>                    Defendant. | Civil Action No.: 1:17-cv-07180<br><br>Honorable Robert M. Dow, Jr.<br>Magistrate Judge Michael T. Mason |

## SECOND AMENDED COMPLAINT

Plaintiffs, BERTHOLD L.L.C. and BERTHOLD DIRECT CORP., through their attorneys, complain against Defendant, TARGET CORPORATION, as follows:

### Nature of the Action

1. This is a civil action for copyright infringement and breach of license agreement for unauthorized use of Plaintiffs' copyrighted font software programs and refusal to document all uses of Plaintiffs' font software programs as required by the parties' license agreement.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1388(a) because (i) this is a civil action arising under the Copyright Act of 1976, 17 U.S.C § 101 *et seq*. This Court has supplemental jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to the forum selection clause in the parties' license agreement which provides that all disputes involving the license will be resolved in this forum.

## The Parties

4. Plaintiff Berthold L.L.C. ("Berthold LLC"), is an Illinois limited liability company with its principal place of business in Chicago, Illinois. Berthold LLC owns the copyrights in the font software at issue.

5. Plaintiff Berthold Direct Corporation ("Berthold Direct") is an Illinois corporation with its principal place of business in Chicago, Illinois. At all times relevant, Berthold Direct had been granted the exclusive right to license the copyrighted font software at issue. Berthold LLC and Berthold Direct are affiliated companies and may be referred to herein collectively as "Berthold."

6. Defendant Target Corporation ("Target") is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

## Factual Background

7. Plaintiffs and their affiliates comprise a leading, independent type foundry.

8. Since 1858, Plaintiffs have been in the business of marketing typefaces. H. Berthold AG, the original Berthold type foundry founded in Berlin, Germany, was known worldwide as an expert producer of high quality typefaces.

9. Under the guidance of former artistic director and master typographer Günter Gerhard Lange, the Berthold foundry has developed one of today's leading type libraries in the world: the Berthold "Exklusiv" Collection.

10. Plaintiffs offer, market, license, and distribute typeface font computer software programs through their website www.bertholdtypes.com and through their authorized resellers.

11. Akzidenz-Grotesk is Plaintiffs' most popular and successful typeface and represents valuable goodwill owned by Plaintiffs.

12. Plaintiff Berthold LLC owns the U.S. Copyright Registrations for certain Akzidenz-Grotesk typeface font software programs in OpenType format first published in 2006 with Registration Numbers (collectively the "Akzidenz-Grotesk Pro Condensed Font Software"), Exhibit A:

a. Akzidenz-Grotesk Pro Light Condensed, TX 6-380-812

b. Akzidenz-Grotesk Pro Light Condensed Italic, TX 6-380-805

c. Akzidenz-Grotesk Pro Regular Condensed, TX 6-380-806

d. Akzidenz-Grotesk Pro Condensed Italic, TX 6-380-807

e. Akzidenz-Grotesk Pro Medium Condensed, TX 6-380-808

f. Akzidenz-Grotesk Pro Medium Condensed Italic, TX 6-380-809

g. Akzidenz-Grotesk Pro Bold Condensed, TX 6-380-824

h. Akzidenz-Grotesk Pro Bold Condensed Italic, TX 6-380-825

i. Akzidenz-Grotesk Pro Extra Bold Condensed, TX 6-380-804

j. Akzidenz-Grotesk Pro Extra Bold Condensed Italic, TX 6-380-801

k. Akzidenz-Grotesk Pro Extra Bold, TX 6-380-803

l. Akzidenz-Grotesk Pro Extra Bold Italic, TX 6-380-802

13. Plaintiffs' copyrights are valid and subsisting.

14. Berthold licenses the use of the Berthold font software programs to end users, and controls such licensing by way of individually negotiated licenses agreements.

15. Berthold offers a limited, traditional desktop license that permits the end user to use the font software programs for internal business purposes only and allowed installation of the font software programs on up to 5 licensed computers at a single location ("Traditional Desktop Licenses").

16. With the advent of new technologies over the past decade, Berthold began offering an enterprise license which provided more licensing options that incorporate these latest technologies, such as web fonts, digital publishing, e-books, web video publishing, smart phone/tablet apps, etc.

17. Berthold's enterprise licenses allow a licensee to use and embed the font software programs to create and distribute printed and digital materials for commercial or non-commercial purposes.

18. On August 22, 2013, Target purchased a Traditional Desktop License to use Plaintiffs' Akzidenz-Grotesk Condensed BE OpenType font software (a total of 12 font software programs), subject to a license agreement which only allowed Target to use the font software on 10 computers for internal business purposes with limited embedding rights. Exhibit B.

19. Plaintiffs' Akzidenz-Grotesk Condensed BE OpenType font software is comprised entirely of copyrighted software code from Plaintiffs' Akzidenz-Grotesk Pro Condensed Regular font software.

20. In or around June 2017, Plaintiffs came across a video posted online created by Calango, a design firm retained by Target to produce certain advertising and branding materials using Plaintiffs' Akzidenz-Grotesk Font Software. Subsequent to filing this lawsuit, the video has been removed from the Vimeo website where it was posted.

21. The video's description states that "Target asked Calango to produce an animated version of Akzidenz Grotesk, one of the main typefaces in their branding." As seen in the online video, Calango did as Target requested and used Plaintiffs' Akzidenz-Grotesk Pro Condensed Font Software to create certain advertising and branding material.

22. Target, without knowledge or authorization from Plaintiffs, created and sent

4

Calango copies of Plaintiffs' Akzidenz-Grotesk BE Light Condensed and Akzidenz-Grotesk BE Bold Condensed font software programs, which amounted to creating and sending copies of Plaintiffs' copyrighted Akzidenz-Grotesk Pro Light Condensed and Akzidenz-Grotesk Pro Condensed Bold font software programs.

23. Target sent the copies of these two font software programs to Calango so that Calango could create animated versions of each of the font software programs ("Animated Font Software Programs") and a video that embedded the Animated Font Software ("Animated Font Software Video").

24. Calango then delivered the Animated Font Software Programs and Animated Font Software Video to Target. Target then created one or more copies of the and Animated Font Software Programs and Animated Font Software Video by downloading, storing, and loading the files onto its computers or servers. Target also broadcast the Animated Font Software Video and Animated Font Software Programs at one of its sales meetings.

25. According to Calango's statements next to the Animated Font Software Video posting on the internet, Target uses Akzidenz-Grotesk as one if its main typefaces in its branding which entails using Plaintiffs' Akzidenz-Grotesk font software to create advertising and branding materials.

26. Target also has embedded Plaintiffs' Akzidenz-Grotesk BE Regular font software into portable document files that have been disseminated to third parties and made available for access and download online. See Exhibit C attached hereto. The Akzidenz-Grotesk BE Regular font software is comprised entirely of copyrighted software code from Plaintiffs' Akzidenz-Grotesk Pro Regular font software for which Plaintiff Berthold LLC owns the U.S. Copyright Registration (TX 6-380-794). Exhibit D.

27. Target did not and does not have an enterprise license agreement with Plaintiffs to use any of Plaintiffs' Akzidenz-Grotesk font software programs to create portable document files externally distributed or other advertising and branding materials.

28. On or about August 4, 2017, Plaintiffs made a written request that Target document its uses of Plaintiffs' font software and certify that such uses conform with the license.

29. Plaintiffs' request was made in accordance with the "Compliance" term of the parties' license agreement which provides:

> **8. Compliance**. You agree that, within thirty (30) days of receipt of a written request from Berthold, you will fully document and certify that use of any and all Berthold font software in your possession at the time of the request conforms with your license(s) from Berthold.

30. Contrary to its requirements under the license agreement, Target has refused to document its uses of Plaintiffs' font software. Instead, Target provided only a terse response to Plaintiffs' written request that: "We have investigated the matter, and can confirm that Target is in fact in conformance."

31. Upon information and belief, Target has created additional documents and materials using Plaintiffs' Akzidenz-Grotesk font software that have been disseminated to third parties or been made available for access and download online. The extent of Target's infringing and unauthorized use of Plaintiffs' Akzidenz-Grotesk font software is uniquely known to Target and will be determined in the course of discovery.

## COUNT I
**(Copyright Infringement)**

32. Plaintiffs repeat and reallege all prior paragraphs of this Complaint herein.

33. The Copyright Act of 1976 grants copyright owners certain exclusive rights including the rights to copy the work and prepare derivative works based on the copyrighted

6

work. 17 U.S.C. § 106.

34. Plaintiffs are the owner and holder of the exclusive right to license the copyrighted Akzidenz-Grotesk font software programs.

35. Target has infringed on Plaintiffs' copyrights by making unauthorized reproductions of at least two of Plaintiffs' font software programs as described herein.

36. The Animated Font Software is an unauthorized derivative work of Plaintiffs' Akzidenz-Grotesk font software.

37. By copying and sending Calango two of Plaintiffs' Akzidenz-Grotesk font software programs without Plaintiffs' authorization, Target infringed on Plaintiffs' reproduction and distribution rights in the copyrighted font software programs.

38. By downloading, storing, and loading the Animated Font Software Video and Animated Font Software Programs without Plaintiffs authorization as alleged herein, Target infringed on Plaintiffs' exclusive rights to reproduce and prepare derivative works of the copyrighted font software programs.

39. By creating documents such as those alleged in Paragraphs 28 and 33 above using and embedding Plaintiffs' Akzidenz-Grotesk font software without Plaintiffs' authorization, Target infringed on Plaintiffs' exclusive rights to reproduce the copyrighted font software programs.

40. By distributing infringing materials to third parties and making the materials available for download online, Target has infringed on Plaintiffs' exclusive right to distribute copies of the copyrighted font software.

41. Target's acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiffs' rights.

42. Plaintiffs are entitled to recover the damages they have and will sustain, together with any gains, profits, and advantages obtained by Target as a result of its infringement, or to statutory damages of $150,000 per infringement whichever is greater.

43. Plaintiffs are also entitled to preliminary and permanent injunctive relief to restrain and enjoin Target's continuing infringement and to require Target to destroy all infringing materials in its custody or control.

44. Plaintiffs are further entitled to their attorney's fees and costs pursuant to 17 U.S.C. § 505.

## COUNT II
**(Contributory and Vicarious Copyright Infringement)**

45. Plaintiffs repeat and reallege all prior paragraphs of this Complaint herein.

46. Target's conduct as described herein additionally constitutes contributory and vicarious infringement of Plaintiffs' copyrights.

47. Target knowingly encouraged, facilitated, and induced Calango's unauthorized use of Plaintiffs' copyrighted font software and have derived substantial benefit therefrom.

48. Target had the right and ability to supervise the infringing activity complained of herein and had a direct financial interest in such activity.

49. Plaintiffs are entitled to recover the damages they have and will sustain, together with any gains, profits, and advantages obtained by Target as a result of the infringement alleged herein.

50. Plaintiffs are further entitled to their attorney's fees and costs pursuant to 17 U.S.C. § 505.

## COUNT III
### (Breach of License Agreement)

51. Plaintiffs repeat and reallege all prior paragraphs of this Complaint herein.

52. To the extent Target purchased a license to use certain of Plaintiffs' font software programs, the uses complained of herein are not authorized and represent a material breach of that license.

53. Target's refusal to document its uses of Plaintiffs' font software programs further constitutes a material breach of the license.

54. The "Termination" term of the parties' license agreement provides:

> **9. Termination**. The license rights granted under this Agreement are perpetual. Notwithstanding, the license rights under this Agreement will immediately and automatically terminate without notice if you fail to comply with any term or condition of this Agreement, or upon your bankruptcy. Upon termination, you must destroy all copies of the Font Software. The balance of the Agreement shall survive any such termination of license rights.

55. To the extent that Target has not destroyed or continues to use Plaintiffs' font software programs, such conduct constitutes a material breach of the license agreement which automatically terminated upon Target's refusal to comply with the "Compliance" term.

56. Plaintiffs, having fully performed under the license agreement, are entitled to all damages sustained as a result of Target's material breaches of the license agreement.

## Prayer for Relief

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and against Defendant as follows:

A. Preliminarily and permanently enjoin Defendant from making unauthorized use of Plaintiffs' Akzidenz-Grotesk font software and creating, producing, manufacturing, or displaying anything created through unauthorized use of Plaintiffs' Akzidenz-Grotesk font software;

9

B. Direct that Defendant provide an accounting of any and all uses of Plaintiffs' font software programs;

C. Direct that Defendant delivers for destruction at its expense, *inter alia*, all materials created through unauthorized use of Plaintiffs' Akzidenz-Grotesk font software, together with any and all computer files, hard drives, computer programs, CDs, DVDs, or any other data storage devices bearing unauthorized and infringing copies of Plaintiffs' Akzidenz-Grotesk font software or derivative works created therefrom;

D. Direct Defendant to pay Plaintiffs' actual damages, together with any gains, profits, and advantages obtained by Defendant as a result of its infringement, or statutory damages of $150,000 per infringement whichever is greater;

E. Direct Defendant to pay Plaintiffs' actual damages sustained as a result of their breaches of the license agreement;

F. Find the license agreement to be terminated;

G. Award Plaintiffs their costs and attorneys' fees; and

H. Grant such further relief as this Court deems just and necessary.

BERTHOLD L.L.C., *et al*.

By: /s/ Peter S. Lubin
One of their Attorneys

Peter S. Lubin
Andrew C. Murphy
DiTommaso Lubin Austermuehle, P.C.
17W220 22nd St., Suite 410
Oakbrook Terrace, IL 60181
(630) 333-0000
psl@ditommasolaw.com

Melissa M. Hunt
Vice President & General Counsel
Berthold Types Limited
47 West Polk Street, Suite 100-340
Chicago, IL 60605
(312) 493-2517
Melissa_Hunt@bertholdtypes.com