**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BERTHOLD L.L.C. and<br>BERTHOLD DIRECT CORP.,<br>                Plaintiffs,<br><br>    v.<br><br>TARGET CORPORATION,<br>                Defendant. | Civil Action No.: 1:17-cv-07180<br><br>Honorable Robert M. Dow, Jr.<br>Magistrate Judge Michael T. Mason |

**RESPONSE IN OPPOSITION TO TARGET CORPORATION'S**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Target copied and used Plaintiffs' (collectively "Berthold") copyrighted font software programs without authorization. The unauthorized copying and using of software constitutes a classic case of copyright infringement. The Second Amended Complaint ("SAC" or "Complaint")[1] identifies both the copyrighted works at issue and the conduct that Berthold alleges infringed on its copyrights. Despite this, Target argues that Berthold fails to state a claim for copyright infringement for three reasons, none of which have any merit.

First, Target argues that Berthold cannot state an infringement claim unless it has registered copyrights for programs with the exact same name as those copied by Target. Target's argument misconstrues Berthold's infringement claim and what a copyright in software actually covers. The copyright in a software program extends to the program's code, not the program's name (much the way the copyright in *The Catcher in the Rye* extends to the novel itself and not its title). Stated

---

[1] Target claims that Berthold has filed six different complaints in this case attempting to state a claim. In reality, Berthold has only amended the original Complaint twice, neither of which were due to an inability to state a claim: Berthold's Amended Complaint differed from the original only in that it dropped, at the request of Defendant, a Target subsidiary as a named defendant, and Berthold's Second Amended Complaint primarily added allegations regarding additional infringing acts discovered only after filing the original Complaint.

differently, changing a program's name does not cause the copyrighted software code in that program to lose its protection. Thus, the names of the software programs Target copied are irrelevant; it is the code that Target copied that is relevant. Berthold alleges that it registered copyrights in a number of font software programs collectively referred to as the "Pro Font Software" and that Target copied the copyrighted code from these registered programs. Thus, Berthold has alleged registration of the allegedly infringed works.

Second, Target argues that Berthold fails to state a claim because the Complaint does not identify the specific, protectable elements of the software code that Target copied. This level of factual detail is not required at the pleading stage, however. Such facts are not relevant to whether Berthold has stated a claim for infringement because the protectability of the code Target copied cannot be determined on a Rule 12(b)(6) motion. The Complaint notifies Target of the copyrights at issue and the acts that Berthold alleges infringed on those copyrights. Thus, the Complaint gives Target sufficient notice of Berthold's claim.

Finally, Target argues that Berthold does not plausibly allege infringement by failing to allege access and substantial similarity to the infringed works. This cursory argument ignores the pleading requirements of an infringement claim and the allegations of the Complaint. Berthold alleges that Target engaged in unauthorized verbatim copying of its copyrighted software code. In cases of verbatim copying, a plaintiff is not required to allege access. And a verbatim copy is necessarily substantially similar to the original (i.e. pleading substantial similarity does not require the use of the magic words "substantially similar"). Because none of Target's arguments have any merit, the Court should deny Target's motion in its entirety.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule

8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice" of what the plaintiffs' "claim is and the grounds upon which it rests." *Frerck v. Pearson Educ., Inc.*, 2012 WL 1280771, at *1 (N.D. Ill. Apr. 16, 2012) (quoting *Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Second, the factual allegations in the complaint must raise the possibility of relief above the speculative level. *Id*. (quoting *Twombly*, 550 U.S. at 569 n.14). This does not require detailed factual allegations, though simply pleading "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (quoting *Twombly*, 550 U.S. at 555). The Court accepts as true all well-pleaded facts alleged and all reasonable inferences that can be drawn therefrom. *Id*. The standard for deciding a Rule 12(b)(6) motion to dismiss "reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (internal quotes omitted).

I. **Berthold's Complaint States a Claim for Direct Copyright Infringement.**

The elements of a claim for copyright infringement are: (1) ownership of a valid copyright and (2) unauthorized copying of protected elements. *Frerck*, 2012 WL 1280771, at *2. "Copying" is shorthand for infringement of any of the exclusive rights under the Copyright Act. *Marobie-FL, Inc. v. Nat'l Ass'n of Fire Equip. Distrib.*, 983 F. Supp. 1167, 1172 n.1 (N.D. Ill. 1997). Those exclusive rights include the rights to reproduce, distribute, and create derivative works of the copyrighted work. 17 U.S.C. §106.

Berthold alleges ownership of copyrights in the Pro Font Software. SAC at ¶¶12, 26.[2] Berthold attaches the copyright registration certificates for these programs to the Complaint. *Id*. at Exs. A and D. These registration certificates are *prima facie* evidence of ownership and

---

[2] The allegations of the Second Amended Complaint, Dkt. #45, are cited as "SAC at ¶__."

3

registration. 17 U.S.C. § 410(c); *see, e.g., Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2012) (registration certificates established plaintiff's copyright ownership).

Berthold has also alleged copying of the Pro Font Software by Target. The Akzidenz-Grotesk BE Font Software ("BE Font Software"), the font software licensed by Target from Berthold, consists entirely of copyrighted software code from the Pro Font Software. The Pro Font Software comprises the BE Font Software, which covers Western Latin languages, plus additional characters that cover Central European languages.[3] Stated differently, the BE Font Software is the Pro Font Software without the Central European character set. SAC at ¶28. Therefore, copying the BE Font Software necessarily entails copying the Pro Font Software.

Berthold alleges that Target sent a copy of Berthold's copyrighted font software to Calango in violation of Berthold's reproduction and distribution rights. *Id*. at ¶¶20, 39; *see In re Aimster Copy. Litig.*, 334 F.3d 643, 645 (7th Cir. 2003) (sharing digital files "involves making and transmitting a digital copy" of the files in violation of the reproduction and distribution rights); *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1034 (9th Cir. 2013) ("Both uploading and downloading copyrighted material are infringing acts. The former violates the copyright holder's right to distribution, the latter the right to reproduction."). Berthold also alleges that Target used Berthold's copyrighted font software without authorization to create documents, digital copies of which contain unauthorized embedded copies the Font Software, which Target then disseminated to third parties. SAC at ¶¶25-26, 41-42. These actions infringed on Berthold's reproduction and distribution rights. *In re Aimster*, 334 F.3d at 645; *Live Face on Web, LLC v. Emerson Cleaners,*

---

[3] The Western Latin languages covered by what is known as the Western Latin character set are: Albanian, Bretonian, Catalonian, Danish, Dutch, English, Finnish, French, German, Icelandic, Irish, Italian, Norwegian, Portuguese, Spanish and Swedish. The Central European languages covered by what is known as the Central European character set are: Croatian, Czech, Hungarian, Moldavian, Polish, Rhaeto-Romanic, Romanian, Slovak, Slovene, and Serbian.

*Inc.*, 66 F. Supp. 3d 551, 555 (D.N.J. 2014) (posting plaintiff's software on the internet for others to download infringed on plaintiff's reproduction and distribution rights).

Berthold further alleges that Calango, at Target's direction, used unauthorized copies of the Font Software to create an animated version of Berthold's copyrighted font software ("Animated Font Software") which constituted an unauthorized derivative work of the Pro Font Software. SAC at ¶¶19, 38. Calango then embedded the Animated Font Software in a video file and sent the video file to Target, which Target downloaded and accessed. *Id*. at ¶¶20-22.

By downloading and accessing the video file, Target created copies of the Animated Font Software embedded in the video file. *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 518 (9th Cir. 1993). This infringed Berthold's reproduction and derivative works rights. *Id*.; *see Marobie-FL, Inc.*, 983 F. Supp. at 1173. Target further infringed Berthold's copyrights each time it accessed the Animated Font Video. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 235 (7th Cir. 1995) ("[L]oading software into a computer constitutes the creation of a copy under the Copyright Act."); *ISC-Bunker Ramo Corp. v. Altech, Inc.*, 765 F. Supp. 1310, 1332 (N.D. Ill. 1990).

The Complaint alleges ownership and registration of the Pro Font Software and details Target's unauthorized reproduction and distribution of that copyrighted, registered font software (and unauthorized derivative works thereof). These allegations more than state a plausible claim for copyright infringement. Accordingly, the Court should deny Target's motion to dismiss.

## II. Target's Argument that Berthold Has not Satisfied the Registration Requirement Misconstrues Berthold's Claim and What a Copyright in Software Covers.

Target incorrectly argues that because it copied the BE Font Software, Berthold can only bring an infringement claim by registering the BE Font Software programs. The argument fails, however, because it misconstrues Berthold's claim and what a copyright in software covers.

As Berthold alleges, the BE Font Software "is comprised entirely of copyrighted software

5

code from" the Pro Font Software. SAC at ¶19. As such, copying the former necessarily entails copying the latter. Thus, Berthold's claim is that Target infringed Berthold's registered copyrights in the Pro Font Software by copying the BE Font Software. *See Montgomery v. Noga*, 168 F.3d 1282, 1292 (11th Cir. 1999) (defendant infringed plaintiff's copyright in registered software program by copying unregistered version of the software derived from and containing over 70% of the code from the registered version); *VBConversions, LLC v. Exida LLC*, 2014 WL 12561086, at *3 (C.D. Cal. July 17, 2014) (plaintiff stated claim for infringement by alleging that defendant copied unregistered software that "completely incorporated the [registered software's] source code"); *cf.* 2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 7.16(B)(2)(b) (2008) (explaining that since "a derivative work by definition consists of matter that would be infringing if it had been derived from the pre-existing work without the copyright proprietor's consent, it follows analytically that the owner of a registered underlying work, in that capacity alone, should be able to maintain" an infringement claim for copying the derivative work). Target entirely ignores the Complaint's well-pleaded allegations on this point, which must be accepted as true on a motion to dismiss, because they completely undercut Target's argument.

Target's argument also misunderstands what a copyright in software actually covers. It is the code itself in a program that is copyrighted, not the name of the program. *Montgomery*, 168 F.3d at 1292; *see also* 37 C.F.R. § 202.1 ("Words and short phrases such as names, titles, and slogans" are "not subject to copyright"). Thus, Target's focus on the names of the programs it copied is misguided. *Montgomery*, 168 F.3d at 1292 (rejecting argument that plaintiff could not sustain infringement claim because the "VPIC 4.3" program defendants copied was unregistered where "VPIC 4.3" contained over 70% of the code from the registered "VPIC 2.9a" program).

In sum, Target's entire argument is a strawman. It focuses on the names of the software

6

programs copied instead of the software code that makes up those programs. The names of the programs Target copied are irrelevant. Names and titles are the domain of trademark, not copyright, law. What matters for the purpose of this motion is the software code Target copied and whether it has been registered. It has. Thus, Berthold has satisfied the registration requirement.

**III.     Berthold Plausibly Alleges Infringement by Alleging that Target Copied and Distributed Berthold's Copyrighted Software without Authorization.**

Target incorrectly argues that Berthold has not plausibly alleged infringement in this case because it has not alleged access and substantial similarity. Target errs first in presuming that alleging access is always required to allege infringement. Target's also errs by ignoring the Complaint's allegations concerning access and substantial similarity.

A plaintiff may allege infringement by alleging that a defendant distributed copies of the plaintiff's work, *Janky v. Lake Cty. Conv. and Visitors Bureau*, 576 F.3d 356, 361 (7th Cir. 2009), or loaded the plaintiff's software onto defendant's computers without authorization, *MAI Sys. Corp.*, 991 F.2d at 518. Berthold has alleged both in this case. SAC at ¶¶20-27.

Proving access to the original work is necessary when the original and allegedly infringing work share only a few similarities, as such similarities may be explained by independent creation or a common public domain source. *Bucklew v. Hawkins, Ash, Baptie & Co., LLP.*, 329 F.3d 923, 926 (7th Cir. 2003); *see Peters*, 692 F.3d at 634 (describing the reverse sliding scale between similarity and the need for proof of access). However, "in some cases," such as those involving verbatim copying (i.e. exact duplication), "proof of access isn't required." *Bucklew*, 329 F.3d at 926; *see Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1170 (7th Cir. 1997) (when two works are copies of each other "the issue of access need not be addressed separately, *since if the later work was a copy its creator must have had access to the original*." (emphasis added)); *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 113 (5th Cir. 1978) ("If the two works are so strikingly similar

as to preclude the possibility of independent creation, '"copying"' may be proved without a showing of access.").

Contrary to what Target argues, Berthold was not required to allege access to state an infringement claim because this case involves verbatim copying (i.e. independent creation is not implicated). Nonetheless, by alleging that Target had Berthold's font software in its possession (which Target then copied and sent to Calango), the Complaint does allege access. *See* SAC at ¶18. And by alleging that Target made exact copies of that font software, the Complaint also alleges substantial similarity since an exact copy is necessarily substantially similar to the original.

## IV.  **Berthold is not required to plead detailed factual allegations regarding which specific elements of the font software that Target copied are protectable.**

Target argues that Berthold fails to state a claim because the Complaint does not identify the specific, protectable elements of the Pro Font Software that Target copied. Target relies on a single, unreported opinion from the Eastern District of Missouri to support its contention that such factual detail is required at the pleading stage. Regardless of whether such detail is required in the Eastern District of Missouri, it is not in the Northern District of Illinois. *Mid Am. Title Co. v. Kirk*, 991 F.2d 417, 421 n.8 (7th Cir. 1993) ("Complaints [for copyright infringement] simply alleging present ownership by plaintiff, registration in compliance with the applicable statute, and infringement by defendant, have been held sufficient under the rules." (quoting 5 Charles A. Wright & Arthur A. Miller, Federal Practice and Procedure, § 1237, at 283 (1990))); *see also Facebook, Inc. v. Power Ventures, Inc.*, 2009 WL 1299698, at *4 (N.D. Cal. May 11, 2009) ("Copyright claims need not be pled with particularity ... complaints simply alleging present ownership by plaintiff, registration in compliance with the applicable statute and infringement by defendant have been held sufficient under the rules." (quoting *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001))).

As the Supreme Court and Seventh Circuit have repeatedly underscored, "specific facts are not necessary to survive a motion to dismiss." *Frerck*, 2012 WL 1280771, at *3 (quotations omitted). Accordingly, "it is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017). Disclosure of a claim's underlying facts occurs during discovery. *Brooks*, 578 F.3d at 581; *Frerck*, 2012 WL 1280771, at *3; *see, e.g., Microsoft Corp. v. MY Choice Software, LLC*, 2015 WL 12765460, at *2 (C.D. Cal. Sept. 22, 2015) (alleging that defendant copied plaintiff's software stated claim for infringement as specifics regarding "the nature and extent" of such infringement "will be developed through discovery").

The operative question for the purpose of deciding Target's motion is whether Target has fair notice of the claims against it. It does. Target knows exactly which computer programs Berthold alleges it copied and exactly which copyrights Berthold alleges were infringed by such copying. The facts Target argues must be included in the Complaint can be properly obtained through discovery. These allegedly material facts do not affect whether Berthold has stated a claim. *Kingsbury Int'l, Ltd. v. Trade The News, Inc.*, No. 08 C 3110, 2008 WL 4853615, at *2 (N.D. Ill. Oct. 28, 2008) (rejecting argument that plaintiff needed to allege "exactly which parts were copied" to state infringement claim because issue of whether the parts defendant copied were "unprotectable . . . cannot be determined on a Rule 12(b)(6) motion to dismiss").

As the *Kingsbury* court explained, the facts Target argues must be alleged would not affect the calculus of whether Berthold stated an infringement claim (i.e. whether the claim is plausible) because the issue of whether the code Target copied is protectable "cannot be determined on a Rule 12(b)(6) motion to dismiss." *Id*. If Target wishes to argue that what it copied is not protectable, it may do so on a motion for summary judgment, which like the present motion is

9

unlikely to succeed. It is not appropriate, however, to dismiss Berthold's claim on the basis that the copied software is not protectable. *Id.*

Certainly, evidence of the specific elements copied and the protectability of such elements will ultimately be necessary to prove Berthold's claims. In fact, Berthold has already provided evidence of exact copying of the computer code to Target with its Mandatory Initial Disclosures. Providing such detail in the Complaint is not required or necessary to provide Target with notice of its claims of copyright infringement and breach of contract.[4] *Vincent v. City Colleges of Chi.*, 485 F.3d 919, 923-24 (7th Cir. 2007) ("Facts that substantiate the claim ultimately must be put into evidence, but the rule 'plaintiff needs to prove Fact Y' does not imply 'plaintiff must allege Fact Y at the outset.' That's the difference between fact pleading (which the courts of Illinois use) and claim pleading under Rule 8."); *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1129 (8th Cir. 2012) ("Evidence is not required because on a motion to dismiss, inferences are to be drawn in favor of the non-moving party. *Twombly* and *Iqbal* did not change this fundamental tenet." (quotations omitted)).

Target's argument also reveals a lack of understanding regarding the nature of font software and the protectable elements of those programs. A font software program contains instructions used by a computing device for displaying or printing a typeface. Font software code consists of, in part, a series of x and y coordinates for each character (e.g. a letter or punctuation mark) known as "points." These points instruct a computer how to correctly plot, display, and print each character. The points for each character are protectable elements of a font software program.

---

[4] While evidence is not needed to survive a motion to dismiss, Plaintiffs' Rule 26(a)(1) mandatory initial disclosures provide Target with a side-by-side comparison of the Pro Font Software code and the BE Font Software code establishing that protectable code from the Pro Font Software is contained verbatim in the BE Font Software code.

*See Adobe Sys., Inc. v. S. Software Inc.*, 1998 WL 104303, at *5 (N.D. Cal. Feb. 2, 1998). Thus, the code for *each* character in a font software program contains protectable material.

In addition to containing points, font software code contains "kerning commands" which are instructions for altering the default spacing between characters when certain pairs or groups of characters are used. For instance, when the characters "b" and "u" are used together, the kerning command might instruct the computer to space these characters closer together than normal to make the text appear, more aesthetically pleasing and enhance its readability. These kerning commands evince and embody the affirmative creative choices made by the program's author and, thus, are another protectable element of a font software program. *See* "Final Regulation, Registrability of Computer Programs that Generate Typefaces," 57 Fed. Reg. 6201-02 (Feb. 12, 1992) (explaining that "[t]he expression of . . . decisions . . . neither limited by the unprotectible shape of the letters nor functionally mandated" constitute the protectable elements of a font software program).

While font software contains additional protected elements, these two examples establish that the Complaint does in fact allege that Target copied protectable elements of Berthold's copyrighted software code. By alleging that the BE Font Software contains the code for all the characters in the Western Latin character set from the registered Pro Font Software, Berthold has alleged that Target copied protected material.[5] By Target's logic, only the code for characters used

---

[5] This argument also dispels Target's claim that Berthold has admitted that the BE Font Software code is not registrable. To the contrary, the software code in the BE Font Software is registrable and, in fact, has already been registered—when Berthold registered the Pro Font Software. What Target argues, however, is that Berthold must register the *exact same* software code *twice*. This, as Berthold explained in its response to Target's objection to the SAC, is what the Copyright Office does not permit. *See U.S. Copy. Off., Compendium of U.S. Copy. Off. Practices § 512.2(A)* (3d ed. 2017); U.S. Copy. Off. Form TX (available at https://www.copyright.gov/forms/formtx.pdf) (Where one work "is substantially the same as the work covered by a previous registration, a

in Central European languages such as Polish and Romanian would be protectable while the code for the characters used in Western Latin languages such as English, French, and Spanish would not—since the only code from the Pro Font Software not in the BE Font Software is the code for the Central European language characters.

## CONCLUSION

The Complaint states a claim for copyright infringement against Target. Berthold alleges ownership and registration of copyrights in the Pro Font Software and that Target copied and distributed this registered software code. Target's argument that Berthold must register the BE Font Software fails because Berthold's claim is for infringement of the registered software code in the Pro Font Software. The name of the software program Target copied is irrelevant. Finally, the factual detail that Target argues the Complaint must contain is simply not required under notice pleading. The Complaint gives Target notice of Berthold's claim. Target will have an opportunity in discovery to obtain the additional facts it desires. Because Berthold has adequately stated a claim for copyright infringement, the Court should deny Target's motion to dismiss in its entirety.

BERTHOLD L.L.C., *et al*.

By: /s/ Andrew C. Murphy
One of their Attorneys

Peter S. Lubin
Andrew C. Murphy
DiTommaso Lubin Austermuehle, P.C.
17W220 22nd St., Suite 410
Oakbrook Terrace, IL 60181
(630) 333-0000
acm@ditommasolaw.com
psl@ditommasolaw.com

Melissa M. Hunt
Vice President & General Counsel
Berthold L.L.C. and Berthold Direct Corp.
47 West Polk Street, Suite 100-340
Chicago, IL 60605
(386) 237-1685
Melissa_Hunt@bertholdtypes.com

---

second registration is not generally possible. . ."); U.S. Copy. Off. Circular 61 (software derived from other software cannot be separately registered unless it "contains new material that is both original and sufficiently different from the preexisting work").

Frank Martinez
The Martinez Group PLLC
55 Poplar Street, Suite 1-D
Brooklyn, NY 11201
(718) 797-2341
fm@martinezgroup.com

**CERTIFICATE OF SERVICE**

I, Peter S. Lubin, the undersigned attorney, hereby certify that on June 13, 2018, I served a true and correct copy of the foregoing RESPONSE IN OPPOSITION TO TARGET CORPORATION'S MOTION TO DISMISS SECOND AMENDED COMPLAINT upon all counsel of record via the Courts CM/ECF system.

/s/ Peter S. Lubin