IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Berthold L.L.C. and
Berthold Direct Corporation,

          Plaintiffs,

v.

Target Corporation,

          Defendant.

Case No. 1:17-cv-07180

**Target Corporation's Reply in Support of its Motion to Dismiss**

Berthold's brief confirms that this motion turns on a single legal question: whether Berthold must, in order to state a claim for copyright infringement, seek to register copyrights in the software Target allegedly accessed and copied (the "Licensed" or "BE" Software).[1] Berthold claims that it need not do so because it has registered a separate set of related computer programs (the "Pro" Software).[2] Berthold's argument fails, however, because it contravenes the plain language of the Copyright Act and rests on several legal errors. Target's motion should therefore be granted.

The plain language of the Copyright Act establishes that Berthold's argument is incorrect. Section 411 of the Copyright Act requires that a "work" be registered before an action for infringement of that "work" can commence. 17 U.S.C. 411(a) ("no civil action for infringement of the copyright in any United States work shall be instituted

---

[1] *See* Doc. 52 at 5 ("Target incorrectly argues that because it copied the BE Font Software, Berthold can only bring an infringement claim by registering the BE Font Software programs.")
[2] *See id.* at 6 ("Thus, Berthold's claim is that Target infringed Berthold's registered copyrights in the Pro Font Software by copying the BE Font Software.")

1

until preregistration or registration of the copyright claim has been made").[3] And Section 101 of the Copyright Act, which contains the definitions, makes clear that each version of a computer program constitutes a separate "work":

> where a work is prepared over a period of time, the portion of it that has been fixed at any particular time constitutes the work as of that time, and where the work has been prepared in different versions, *each version constitutes a separate work*.

17 U.S.C. 101 (emphasis added).

The plain language of the Copyright Act therefore requires that each version of a computer program is a separate work which must be registered prior to commencing suit. *See* 17 U.S.C. § 411(a). Because Berthold admits that it registered a different set of computer programs (the Pro Software) than the ones Target allegedly copied (the Licensed Software), this should end the inquiry—Berthold must register those works in order to comply with Section 411(a) and state an infringement claim. *See, e.g., SimplexGrinnell, LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 212 (S.D.N.Y. 2009) ("Even if a new version would not qualify as a 'derivative work,' it is nevertheless still a separate work, as understood in the Copyright Act . . . [a]nd the jurisdictional registration requirement precludes 'an action for infringement of the copyright in any United States work' until proper registration or preregistration has been accomplished."); *Newton v. Penguin/Berkley Publ'g USA*, 2014 WL 61232 (S.D.N.Y. Jan. 6, 2014) ("a new version or derivative work is a separate work which is independently subject to the Section 411(a) registration requirement, even if the original work was

---

[3] A copyright "claim," in turn, is a claim to be the "owner of copyright or of any exclusive right *in the work*." *See* 17 U.S.C. § 408(a) (emphasis added).

2

registered"). *See also Blizzard Entm't, Inc. v. Lilith Games (Shanghai) Co.*, 122 USPQ2d (BNA) 1807, 1815 (N.D. Cal. 2017).

Berthold claims that this argument rests on a "misunderstand[ing]" of copyright as covering the "name of the program" rather than the software itself. (Doc. 52 at 5-6.) [4] That is not the case. The computer programs have different names because *they are different computer programs*. (Doc. 45 at ¶ 19; Doc. 52 at 4.) That is what matters, and again, it is not a subject of dispute. (*Id.*) True enough, Berthold claims that the programs have similarities as well as differences,[5] and they are all versions of Berthold's *Akizdenz Grotesk* family of computer programs. (*Id.*) But these allegations fit squarely within the Copyright Act's description of a "work [that] has been prepared in different versions"—i.e., as "separate work[s]" that require separate registrations. 17 U.S.C. § 101. That is true even if, pursuant to its own circulars or other practices, the Copyright Office would ultimately refuse registration here.[6]

Berthold's response to Sections II and II of Target's opening brief are also based on legal errors. In those sections, Target demonstrated that Berthold cannot evade the registration requirement by attempting to make this case into something that it is not—

---

[4] Ironically, Berthold claims that this means "Target's entire argument is a strawman." (*Id.*)
[5] Berthold's brief includes a number of new allegations about the source code underlying the programs in question along with arguments about related technical matters. (*E.g.,* Doc. 52 at 10-11.) While Target would disagree with these allegations, they are not properly before the court in the context of this Rule 12(b)(6) motion to dismiss. *See* Fed. R. Civ. P. 12(d).
[6] The Copyright Office circular and other secondary sources Berthold cites do not establish any exception to Section 411. All that those materials suggest is that the Copyright Office could ultimately refuse registration to Berthold because the material in question is not "both original and sufficiently different from the preexisting work." (Doc. 52 at 12 (citing U.S. Copyright Office Circular 61).) As Target's opening brief explained, that is a matter for the Copyright Office to determine prior to the commencement of a lawsuit. (Doc. 47 at 6-7.)

namely, a case about the Pro Software. (Doc. 47 at 8-9.) That is because the Second Amended Complaint does not state a claim for infringement of the Pro Software, for at least two reasons: (1) it alleges that Target had access to the Licensed Software, but not to the Pro Software or the underlying source code, and (2) it alleges that Target copied the Licensed Software, but not the Pro Software or anything substantially similar to protectable aspects of the Pro Software. Berthold's response to these two points are based on separate legal errors.

First, Berthold argues that "Berthold was not required to allege access to state an infringement claim because this case involves verbatim copying." (Doc. 52 at 7-8.) This is incorrect. Access is always required in a copyright infringement case—copyright infringement requires copying after all, and a work cannot be copied unless the copyist had access to it. *See Mazer v. Stein*, 347 U.S. 201, 218 (1954) ("Absent copying there can be no infringement of copyright.") The cases Berthold cite stand for a much narrower proposition: "evidence that two works are very similar can suggest that the alleged infringer had access to the original." *See Peters v. West*, 692 F.3d 629, 634 (7th Cir 2012). Put another way, they describe one permissible way to prove access (by circumstantial evidence). They do not hold that access is "not required" in certain classes of copyright cases. Consequently, all of Berthold's arguments about the Pro Software and about source code are for naught, because Berthold has not alleged that Target had access to the Pro Software or the source code—leaving out an element of the cause of action and an indispensable aspect of any plausible infringement claim.

Second, Berthold argues that "whether the parts defendant copied were 'unprotectable . . . cannot be determined on a Rule 12(b)(6) motion to dismiss'." (Doc. 52 at 9 (citing *Kingsbury Int'l Ltd. v. Trade The News, Inc.*, 2008 WL 4853616 at *2 (N.D. Ill. Oct. 28, 2008)).) This is also incorrect. The Seventh Circuit—in a case Berthold cites several times—has affirmed a Rule 12(b)(6) dismissal by comparing the works in question and determining that any similarity was as to protectable or unprotectable expression. (*See* Doc. 52 at 4, 7 (citing *Peters v. West*, 692 F.3d 629 (7th Cir. 2012).) In the circumstances, Berthold was required to allege infringement based on a substantial similarity of protectable expression. Its failure to do so is a failure to state claim.

Berthold does not satisfy the registration precondition as to the Licensed Software, and Berthold cannot state a claim for infringement of the Pro Software or the source code. Berthold does not state a valid copyright claim. The copyright claims should therefore be dismissed and, lacking any other basis for federal jurisdiction, this case should be dismissed in its entirety.

Dated: June 27, 2018

/s/ *Peter M. Routhier*
Peter M. Routhier (*pro hac vice*)
**FAEGRE BAKER DANIELS LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Fax: (612)-766-1600
Email: Peter.Routhier@FaegreBD.com

*Counsel for Defendant Target Corporation*